UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERIEL ALEXANDER,

                    Plaintiff,

        -against-

PRIVATE PROTECTIVE SERVICES, INC.,

                    Defendant.

19-CV-10004 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff indicates that both he and the Defendant are citizens of New York. By order dated November 1, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court directs Plaintiff to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to
state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the
court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing
the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v.
Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals
of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550
U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court
must determine whether those facts make it plausible – not merely possible – that the pleader is
entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff Jeriel Alexander's complaint. Plaintiff is a
model and actor. (Compl. at 5.) Someone from the production department of Love and Hip-Hop
NY invited him to take part in scenes being shot on October 3, 2019, at Pier 132 in Bronx
County, New York. When Plaintiff arrived, someone named "Christian," who works for Private
Protective Services," said to Plaintiff: "[Your] kind isn't welcome here. Go back to w[h]ere you
came from." (*Id.*) Christian also told Plaintiff, "You['re] not suppose[d to] be here. Leave or
else." (*Id.*) Plaintiff was blocked from entering and was humiliated. (*Id.*)

Plaintiff asked to speak to the production manager. The production manager "verbal[ly]
assault[ed]" Plaintiff, and he feared for his safety. (*Id.*)

Someone reached out to Plaintiff on snapchat, saying that "the supervisor of company Private Protective Services [had] slander[ed] Plaintiff's name and brand." (*Id.* at 6.)

Plaintiff brings this suit against Private Protective Services, Inc., which he alleges is incorporated under the laws of the State of New York and has its principal place of business in the State of New York. Plaintiff lists an address for himself in Westchester County, New York. Plaintiff assert claims for "defamation, slander, harassment, and emotional distress." (*Id.* at 2.) Plaintiff invokes the Court's diversity jurisdiction and also refers to Title II of the Civil Rights Act of 1964. Plaintiff seeks $1.5 million in damages.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, or when a "federal question" is presented. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### A.      Diversity of Citizenship

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28

U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). Plaintiff indicates in the complaint that Defendant is incorporated under the laws of the New York and has its principal place of business New York (Compl. at 2) and thus pleads facts showing that Defendant is a citizen of New York. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that a corporation it is citizen of the place where it is incorporated and the place where it has its "nerve center," usually its main headquarters). Plaintiff also lists an address for himself in New York. Because the allegations of the complaint appear to indicate that both parties are citizens of New York, Plaintiff does not allege facts showing the existence of complete diversity of citizenship. Plaintiff thus fails to meet his burden of demonstrating that the Court has diversity jurisdiction over this matter.[1]

**B.      Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

Plaintiff refers in the complaint to Title II of the Civil Rights Act of 1964, which prohibits discrimination on the basis of race, color, religion, or national origin by places of public accommodation that affect interstate commerce.

---

[1] If Plaintiff seeks to invoke diversity jurisdiction in his amended complaint, he must plead facts showing that he is not a citizen of New York, for example, because he is an alien, 28 U.S.C. § 1332(a)(2), or is not domiciled in New York.

Title II of the Civil Rights Act of 1964 provides that:

> [a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).

Places of public accommodation fall into four broad categories: (1) establishments that provide lodging to transient guests, (2) facilities selling food for consumption on the premises, (3) places of exhibition or entertainment, and (4) facilities that include a place of public accommodation, or are on the premises of a public accommodation, which hold themselves out as serving the patrons of such public accommodation. *See id.* § 2000a(b); *see also Gibbs-Alfano v. Ossining Boat & Canoe Club, Inc.*, 47 F. Supp. 2d 506, 514 (S.D.N.Y. 1999) (denying motion to dismiss claims under 42 U.S.C. § 2000a that plaintiffs were "expelled from the Boat Club on the basis of racially discriminatory acts").

Here, Plaintiff alleges that a security guard discriminated against him by telling him that his "kind" was not welcome at a film shoot for Love and Hip-Hop NY and that he was "not suppose[ed] [to] be here." (Compl. at 5.) It is not clear from the allegations of Plaintiff's complaint whether he alleges that the security guard discriminated against him because of his "race, color, religion, or national origin," 42 U.S.C. § 2000a(a), or based on his membership in some other protected group.[2] Plaintiff thus fails to state a claim under 42 U.S.C. § 2000a(a).

---

[2] To state a claim under 42 U.S.C. § 1981, a plaintiff must allege that: (1) she is a member of a racial minority; (2) the defendants intended to discriminate on the basis of race; and (3) the discrimination concerns one of the statute's enumerated activities. *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000); *see also Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (A plaintiff is entitled to relief under § 1981 "when racial discrimination blocks the creation of a contractual relationship … [or] impairs an existing contractual relationship."). To prevail on a § 1981 claim, evidence of racially discriminatory intent is required. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004).

**Leave to Amend**

Plaintiff is granted leave to amend his complaint to detail his claims, including whether he alleges that he was discriminated against based on "race, color, religion, or national origin," 42 U.S.C. § 2000a(a), or for some other discriminatory reason. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-10004 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   November 12, 2019
         New York, New York

_____
           COLLEEN McMAHON
      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
             (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial        Last Name

_____

Street Address

_____

County, City                       State             Zip Code

_____

Telephone Number                Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State         Zip Code

Defendant 2:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State         Zip Code

Defendant 3:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State         Zip Code

Defendant 4: _____

            First Name                    Last Name

           _____

            Current Job Title (or other identifying information)

           _____

            Current Work Address (or other address where defendant may be served)

           _____

            County, City               State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.