UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jeriel Alexander,

                          Plaintiff,

-against-

Private Protective Services, Inc.,

                          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/30/2021

1:19-cv-10004 (JPO) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Pending before the Court is a motion by Defendant Private Protective Services, Inc. ("Defendant" or "PPS") to set aside its default. (Def.'s Not. of Mot., ECF No. 44.) For the reasons set forth below, Defendant's motion is GRANTED.[1]

**BACKGROUND**

On October 25, 2019, Plaintiff Jeriel Alexander ("Plaintiff" or "Alexander"), proceeding *pro se*, commenced this action by filing a Complaint. (Compl., ECF No. 2.) On November 27, 2019, he filed an Amended Complaint. (Am. Compl., ECF No. 6.) The Amended Complaint asserts a claim against PPS, pursuant to Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000a, based upon Alexander's allegation that PPS discriminated against him by denying him access to a "shoot" at Pier 132 in the Bronx. (*See* Am. Compl. at 2, 5-6.)

On March 11, 2021, Plaintiff served process on PPS through the New York Secretary of State's office. (*See* Process Receipt & Return, ECF No. 27.) On May 3, 2021, after PPS's failure to

---

[1] A motion to set aside entry of default is subject to disposition by a Magistrate Judge under 28 U.S.C. § 636(b)(1)(A). *See Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020).

respond to the Amended Complaint, the Clerk of Court entered a certificate of default against PPS. (Cert. of Default, ECF No. 33.) On June 30, 2021, Alexander moved for a default judgment. (*See* Pl.'s Mot., ECF No. 37.) That motion is *sub judice*.

On July 23, 2021, counsel for PPS filed a notice of appearance (ECF No. 39) and a letter stating PPS's intention to move to set aside the default entered against it. (Pl.'s 7/23/21 Ltr., ECF No. 40.) On July 29, 2021, PPS filed its motion to set aside the default. (*See* Def.'s Not. of Mot.) On August 16, 2021, Alexander opposed PPS's motion. (*See* Pl.'s 8/16/21 Response, ECF No. 49.) On August 23, 2021, PPS filed its reply memorandum. (*See* Def.'s Reply, ECF No. 51.)

## **LEGAL STANDARDS**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Once an entry of default has been made, the defendant may move to set aside the default pursuant to Rule 55(c) for good cause shown. Fed. R. Civ. P. 55(c).

Where, as here, a Certificate of Default has been entered by the Clerk of the Court, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174.

"The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).

## ANALYSIS

Applying the relevant factors, the Court finds that Defendant's default must be set aside, as discussed below.

**I.    Defendant's Default Was Not "Willful"**

The Court finds that Defendant's default was not "willful" under the relevant legal standards. A finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James*, No. 05-CV-05346 (KMW) (KNF), 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. All. Ins. Co., Ltd. v. Eagle*

*Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996)). Courts should "resolve any doubt about [a defendant's] willfulness in [its] favor." *Raheim v. New York City Health and Hosps. Corp.*, No. 96-CV-01045 (JFB) (CPP), 2007 WL 2363010, at *4 (E.D.N.Y. Aug. 14, 2007) (citing *Enron*, 10 F.3d at 98).

In the present case, Defendant apparently failed to update the New York Secretary of State with its new address after relocating its New York office (*see* Luster Decl., ECF No. 46-1, ¶¶ 11-12), which at worst was negligence, as opposed to egregious, deliberate or bad-faith conduct. There is no evidence that Defendant ever received copies of any documents filed in this case prior to July 2021, when Defendant claims to have first received them. (*See id*. ¶ 13.) Although Plaintiff provided the Court with an email message sent to Defendant's CEO, Charles Luster, in July 2020, reflecting the case number and caption for this case (*see* Pl.'s 8/16/21 Response, Ex. C), which Luster failed to mention in his Declaration filed with the Court (*see* Luster Decl. ¶ 10), Plaintiff did not forward a copy of his pleading with that email. Resolving any doubts in favor of Defendant, the Court finds that Defendant's conduct was not "willful."

Even assuming that Defendant's conduct was willful, the Court finds that that the default should be vacated based upon application of the two factors discussed below. *See Holzman Fabian Diamonds Ltd. v. R & E Diamonds LLC*, No. 17-CV-09489 (AJN), 2019 WL 1099944, at *4 (S.D.N.Y. Mar. 8, 2019) (granting motion to set aside clerk's entry of default despite finding that "[d]efendant's default was willful" and that defendant had only put forward "the bare minimum for showing the possibility of meritorious defenses").

**II.     Defendant Has Established A Meritorious Defense**

The Court finds that Defendant has established a meritorious defense to Plaintiff's single claim under Title II. "In order to make a sufficient showing of a meritorious defense, the

4

defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Oscilloscope Pictures, Inc. v. Monbo*, No. 17-CV-07458 (MKB) (ST), 2019 WL 2435644, at *7 (E.D.N.Y. Mar. 25, 2019) (alteration omitted) (quoting *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005)); *see also Am. All. Ins. Co., Ltd. v. Eagle Ins*. Co., 92 F.3d 57, 61 (2d Cir. 1996) (defense "need not be ultimately persuasive at this stage" to satisfy this factor).

Title II of the Civil Rights Act of 1964 provides as follows:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).[2]

Although Plaintiff asserts that he was denied entry to Pier 132 based on racially discriminatory reasons, Defendant contends that Plaintiff was excluded because, as a former employee of PPS, his off-duty attendance at the private event in question posed a conflict of interest for PPS, which has a policy not to allow its employees or former employees to privately attend events for which PPS is providing security or to otherwise solicit PPS clients. (*See* Def.'s Mem., ECF No. 45, at 8.) Moreover, according to Defendant, Plaintiff's attendance at the event would have been in violation of the provisions of the Hire Packet that Plaintiff signed when he

---

[2] Places of public accommodation fall into four broad categories: (1) establishments that provide lodging to transient guests; (2) facilities selling food for consumption on the premises; (3) places of exhibition or entertainment; and (4) facilities that include a place of public accommodation, or are on the premises of a public accommodation, which hold themselves out as serving the patrons of such public accommodation. *See* 42 U.S.C. § 2000a(b).

was hired by PPS. (*See* Hire Packet, ECF No. 46-3, at PDF p. 3.) Thus, Defendant has meritorious defenses to Plaintiff's Title II claim.

### III. Plaintiff Will Not Be Prejudiced By Vacating The Default

Although Plaintiff had a motion for a default judgment pending at the time that Defendant made its motion to set aside the default, Plaintiff will suffer no prejudice. As of now, Plaintiff's single claim in this case is under Title II. However, money damages are not recoverable under Title II. *See Alexander v. JP Morgan Chase Bank, N.A.*, No. 19-CV-10811 (OTW), 2021 WL 1061833, at *3 (S.D.N.Y. Mar. 18, 2021) ("When a plaintiff brings a Title II action, 'he cannot recover damages,' but rather is limited to injunctive relief. . ..."). Thus, Plaintiff could not have obtained a judgment for a sum of money, as he sought.[3]

### CONCLUSION

For the foregoing reasons, Defendant's motion to set aside the default is GRANTED.

**SO ORDERED.**

Dated:  August 30, 2021
         New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

---

[3] In opposition to Defendant's motion to vacate, Plaintiff argues that Defendant is liable under the New York State Human Rights Law and the New York City Human Rights Law. (*See* Pl's 8/16/21 Response at 6.) However, those claims are not pled in the Amended Complaint, and thus any default judgment entered could not have been based on them.