UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERIEL ALEXANDER,

                              Plaintiff,

              -v-

PRIVATE PROTECTIVE SERVICES,
INC.,

                              Defendant.

19-CV-10004 (JPO)

OPINION AND ORDER
ADOPTING REPORT AND
RECOMMENDATION

J. PAUL OETKEN, District Judge:

        The Court has reviewed Magistrate Judge Stewart D. Aaron's Report and

Recommendation (the "Report") suggesting that Defendant's motion to dismiss and for

attorney's fees be granted and that Plaintiff's motion to amend be granted in part and denied in

part.  For the reasons that follow, the Report is adopted in full, Defendant's motion is granted,

and Plaintiff's motion is granted in part and denied in part.

I.       Background

        Plaintiff Jeriel Alexander, proceeding *pro se*, commenced this action in October 2019,

asserting a single claim against Private Protective Services, Inc. ("PPS"), pursuant to Title II of

the Civil Rights Act ("Title II"), 42 U.S.C. § 2000a.  (Dkt. No. 6 ("Amend. Compl.") at 5–6.)

Alexander alleges that PPS discriminated against him by denying him access to an event at Pier

132 in Bronx, New York.  (Amend. Compl. at 5.)

        On September 13, 2021, PPS filed a motion to dismiss the Amended Complaint under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Dkt. Nos. 55, 56.)  It also

requested attorney's fees under the fee-shifting provision in Title II, claiming that Plaintiff's

request for monetary damages was frivolous and that PPS had in fact reached out to Plaintiff to

request that he voluntarily dismiss this claim before filing the motion.  (Dkt. No. 56 at 4.)  A

1

month later, Plaintiff filed a motion to amend his complaint, alleging discrimination claims under 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and the New York Civil Rights Law ("Civil Rights Law"). (Dkt. Nos. 61, 61-1.)

On November 24, 2021, Magistrate Judge Aaron issued the Report, recommending that PPS's motion be granted and Alexander's motion be granted in part and denied in part. Specifically, Judge Aaron concluded that because money damages were not recoverable under Title II, Alexander's amended complaint should be dismissed. (Dkt. No. 64 at 8–9.) Judge Aaron also concluded that because Alexander was well aware that a Title II claim for damages was frivolous — having been told so in an earlier decision in this case (Dkt. No. 48 at 6) and by Magistrate Judge Wang in a prior case brought by Alexander, *see Alexander v. JP Morgan Chase Bank, N.A.*, No. 19 Civ. 10811, 2021 WL 1061833, at *3 (S.D.N.Y. Mar. 18, 2021) — PPS should be awarded attorney's fees. (Dkt. No. 64 at 9–10.) As to Alexander's motion to amend, Judge Aaron concluded that Alexander should be granted leave to assert only a NYCHRL claim because he had plausibly alleged that he was denied access to Pier 132, a place of public accommodation. (Dkt. No. 64 at 11.)

The Report also included a notice that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections . . . . A party may respond to another party's objections within fourteen days after being served with a copy." (Dkt. No. 64 at 12–13.)

On December 18, 2021, PPS filed its objection to the Report. (Dkt. No. 65.) It argued that Alexander's motion for leave to assert a NYCHRL claim should be denied because Alexander failed to plausibly allege that PPS was an agent or employee of the place of public

accommodation at issue here — namely, Pier 132.  (Dkt. No. 65 at 5–6.)  That same day, Alexander filed his objections to the Report.  (Dkt. No. 66.)  He objected to the Report's recommendation to grant PPS's motion to dismiss and for attorney's fees, and the Report's recommendation that he be denied leave to assert claims under Section 1981, the NYSHRL, and the Civil Rights Law.  (Dkt. No. 66 at 3–10.)  On December 22, 2021, PPS filed its opposition to Alexander's objections (Dkt. No. 67), and Alexander filed his opposition on January 14, 2022 (Dkt. No. 68.)

## II.     Discussion

In reviewing a magistrate judge's report, district courts may adopt the portions of the report to which no specific written objection is made, as long as there is no clear error of law. Fed. R. Civ. P. 72(b).  "However, [w]hen a timely and specific objection has been made, the court is obligated to review the contested issues de novo."  *Gosain v. Texplas India Private Ltd.*, 393 F. Supp. 3d 368, 372 (S.D.N.Y. 2019).  A district court may accept, set aside, or modify the findings and recommendations of the magistrate judge.  *See* Fed. R. Civ. P. 72(b).

Alexander challenges both the Report's recommendation to grant PPS's motion to dismiss and for attorney's fees and to deny Alexander leave to assert claims under Section 1983, NYSHRL, and the Civil Rights Law.  PPS challenges only the Report's recommendation that Alexander be granted leave to assert a claim under NYCHRL.  The Court addresses each in turn.

### A.     Motion To Dismiss and for Attorney's Fees

Alexander's amended complaint asserts a single claim under Title II and seeks monetary damages in the amount of $1.2 million.  (Dkt. No. 6 at 5–6.)  Title II prohibits "discrimination or segregation on the ground of race, color, religion, or national origin" in "any place of accommodation."  42 U.S.C. § 2000a(a).  It is well established, however, that "individual

3

plaintiffs cannot recover damages for claims brought under Title II; rather, 'only injunctive relief [is] available as [a] remedy." *Rodriguez v. Fam. Just. Ctrs. (Manhattan & Queens)*, No. 18 Civ. 6999, 2019 WL 1988526, at *2 n.1 (S.D.N.Y. May 6, 2019) (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004)).  Therefore, Alexander's claim for damages under Title II is barred as a matter of law and the Court agrees with Judge Aaron's recommendation that PPS's motion to dismiss should be granted.

Under Title II, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 2000a-3.  Attorney's fees are awarded to defendants in civil rights cases "*only* when the plaintiff's claim was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so." *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (internal quotation marks omitted).  The Court agrees with Judge Aaron that Alexander's Title II claim for damages is frivolous.  As noted above, Alexander was clearly informed in two prior decisions in which he was a party, including a prior decision from Magistrate Judge Aaron in this case, that monetary damages under Title II are not recoverable.  As Magistrate Judge Aaron explained in his Opinion and Order granting PPS's motion to set aside the certificate of default, "As of now, Plaintiff's single claim in this case is under Title II.  However, money damages are not recoverable under Title II . . . .  Thus, Plaintiff could not have obtained a judgment for a sum of money, as he sought."  (Dkt. No. 54 at 6 (internal citations omitted).)  Prior to filing its motion to dismiss, PPS's counsel also reached out to Alexander via electronic mail and requested that he voluntarily dismiss the Title II claim against PPS "[i]n light of the Court's recognition in its August 30, 2021 order that you cannot recover the monetary damages you seek in your amended complaint . . . and the recent dismissal of your identical claim in *Alexander v. JP Morgan Chase Bank, N.A.*"

(Dkt. No. 57-1 at 2.)  Counsel informed Alexander that if he did not voluntarily dismiss this claim, PPS would "seek appropriate sanctions, including PPS' reasonable attorney's fees."  (*Id.*)  When Alexander declined to dismiss the claim, PPS replied that Title II "allows for an award of attorney's fees to a prevailing party."  (Dkt. No. 57-1 at 1.)

Therefore, the Court agrees with Judge Aaron that PPS should recover reasonable attorney's fees incurred only in connection with its motion to dismiss.

### B.     Denial of Leave to Assert Additional Claims

Though leave to amend complaints is generally freely given, "[a] motion for leave to amend a complaint may be denied when amendment would futile."  *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006).

First, Alexander seeks leave to file a claim under 42 U.S.C. § 1981.  (Dkt. No. 61-1 at 2; Dkt. No. 60 at 8.)  In relevant part, Section 1981(a) provides, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts."  42 U.S.C. § 1981(a).  However, Alexander fails to allege the existence of any contract with PPS or any other entity on which his Section 1981 claim could be based or that he was discriminated against in his attempt to make a contract.  Indeed, as Judge Aaron noted, Alexander "takes pains to argue that he has no contract with [PPS]."  (Dkt. No. 64 at 10 (citing to Dkt. No. 60 at 10).)  The Court agrees with Judge Aaron that Alexander's motion for leave to file a Section 1981 claim should be denied because such an amendment would be futile.

Second, Alexander seeks leave to file a claim under the NYSHRL.  (Dkt. No. 61-1 at 2; Dkt. No. 60 at 9.)  The NYSHRL provides, "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color,

national origin, . . . of any person." N.Y. Exec. L. § 296(2)(a).  Under the NYSHRL, an "employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it."  *Totem Tax, Inc. v. N.Y. State Hum. Rts. Appeal Bd.*, 65 N.Y.2d 300, 305 (1985).  Alexander does not allege that PPS encouraged, condoned, approved, or even knew of the acts of its employee who denied Alexander access to Pier 132.  The Court agrees with Judge Aaron that leave to assert a NYSHRL claim would be futile.

Finally, Alexander seeks leave to file a claim under the Civil Rights Law.  But a jurisdictional prerequisite is that a party commencing a Civil Rights Law claim must serve notice upon the Attorney General of New York.  *See* N.Y. Civil Rights Law § 41.  Alexander failed to plead that he served notice on the Attorney General before asserting his Civil Rights Law claim, and he does not allege in his objections that he, in fact, did serve notice.  The Court agrees with Judge Aaron that leave to assert this claim would therefore be futile.

### C.      Grant of Leave to Assert NYCHRL Claim

PPS objects to the Report's recommendation that Alexander should be granted leave to amend the complaint to assert a NYCHRL claim.  PPS contends that Alexander has failed to allege, as required under the NYCHRL, that PPS is an agent or employee of Pier 132, the place of public accommodation.  (Dkt. No. 65 at 5–7.)  In his proposed second amended complaint, Alexander alleges that he arrived at Pier 132 for a VH1 event and that a PPS employee, who was providing security for the event, denied him access based on his race.  (Dkt. No. 61-1 at 5–6.)  The Court agrees with Judge Aaron that given the "uniquely broad and remedial purposes" of the NYCHRL, *Bennett v. Health Mgmt. Sys., Inc.*, 92 A.D.3d 29, 34 (N.Y. App. Div. 1st Dep't

2011), Alexander has sufficiently alleged that PPS was an agent of a place of public accommodation.  His NYCHRL claim therefore survives at this early stage of litigation.

Accordingly, the Report and Recommendation (Dkt. No. 64) is hereby ADOPTED and the parties' objections are OVERRULED.  Defendant's motion to dismiss (Dkt. No. 55) is hereby GRANTED, and Plaintiff's motion to amend the complaint (Dkt. No. 61) is hereby GRANTED in part and DENIED in part.

The Clerk of Court is respectfully directed to close the motions at Docket Numbers 55 and 61.

SO ORDERED.

Dated: May 18, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge