UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JERIEL ALEXANDER,

                      Plaintiff,

-v-

PRIVATE PROTECTIVE SERVICES, INC.,

                      Defendant.

19-CV-10004 (JPO)

ORDER ADOPTING REPORT AND RECOMMENDATION

---

J. PAUL OETKEN, District Judge:

On June 24, 2022, Magistrate Judge Stewart D. Aaron recommended that Defendant Private Protective Services, Inc. ("PPS") be awarded $16,760.00 in attorney's fees incurred as part of its successful motion to dismiss Plaintiff Jeriel Alexander's claims under Title II of the Civil Rights Act of 1964. (Dkt. No. 79.)

Plaintiff filed a timely objection to Judge Aaron's recommendation, arguing that "the award of attorney's fees issued against the plaintiff was inappropriate or unfair under special circumstances." (Dkt. No. 82.) Plaintiff also contests the amount of the fees awarded and the rates charged by Howard L. Bressler and Julianne Laporte, counsel for PPS. (*Id.*)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to. *Id.*; Fed. R. Civ. P. 72(b)(3). "Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citation omitted).

1

Much of Plaintiff's opposition concerns whether Judge Aaron should have awarded Defendant attorney's fees at all.  The Report and Recommendation, however, concerned only the question of the amount of attorney's fees Defendants were owed.  Therefore, to the extent that Plaintiff seeks to rehash the propriety of awarding attorney's fees, the Court need only conduct a review for clear error.  It finds no error, clear or otherwise.

Plaintiff's objection to the amount of attorney's fees receives *de novo* review.  Plaintiff argues that Bressler's hourly rate of $900 and Laporte's hourly rate of $700 are unreasonable.  The Court finds this objection to be without merit: Bressler and Laporte's rates are in keeping with those that courts have found to be reasonable for attorneys practicing in this District.  *See MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*, 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017).  Plaintiff objects that Bressler "has no experience in litigation[]," which is belied by Bressler's publicly available professional profile.[1]

For the foregoing reasons, Plaintiff's objection to the June 24 Report and Recommendation is OVERRULED, and Judge Aaron's Report and Recommendation is adopted.  Defendant is hereby awarded $16,760.00 in attorney's fees from Plaintiff.

The Clerk of Court is directed to mail a copy of this Order to the *pro se* party.

SO ORDERED.

Dated: October 31, 2022
      New York, New York

　　　　　　　　　　　　　　　　　　　　　　　J. PAUL OETKEN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] https://www.kasowitz.com/people/all/howard-l-bressler/