```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/6/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**Jeriel Alexander,**

                                   **Plaintiff,**

          **-against-**

**Private Protective Services, Inc.,**

                                   **Defendant.**

---

**1:19-cv-10004 (JPO) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Pending before the Court is a motion by Defendant Private Protective Services, Inc. ("Defendant" or "PPS") seeking dismissal of the remaining claims of *pro se* Plaintiff Jeriel Alexander ("Plaintiff" or "Alexander"), pursuant to Rules 37 and/or 41 of the Federal Rules of Civil Procedure. (Def.'s 1/10/23 Ltr. Mot., ECF No. 114.) For the reasons set forth below, Defendant's motion is DENIED WITHOUT PREJUDICE. The Court is affording Plaintiff one last chance to comply with the Court's Orders before recommending to Judge Oetken that Plaintiff's claims be dismissed with prejudice.

## BACKGROUND

On October 25, 2019, Alexander, a New York citizen, commenced this action against PPS by filing a Complaint.[1] (Compl., ECF No. 2.) On November 27, 2019, he filed an Amended Complaint. (Am. Compl., ECF No. 6.) The Amended Complaint asserted a single claim against PPS, pursuant to Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000a, based upon Alexander's allegation that PPS discriminated against him by denying him access to a "shoot" at

---

[1] PPS is a California corporation with its principal place of business in Woodland Hills, California. (*See* Luster Decl., ECF No. 46-1.)

Pier 132 in the Bronx. (*See* Am. Compl. at 2, 5-6.) Plaintiff sought monetary damages in the amount of $1.2 million. (*See id.* at 6.)

On May 3, 2021, after PPS's failure to respond to the Amended Complaint, the Clerk of Court entered a certificate of default against PPS. (Cert. of Default, ECF No. 33.) On July 29, 2021, PPS filed a motion to set aside the default. (*See* Def.'s 7/29/21 Mot., ECF No. 44.) In an Opinion and Order, dated August 30, 2021, the Court granted PPS's motion to set aside the default. *See Alexander v. Priv. Protective Servs., Inc.*, No. 19-CV-10004 (JPO) (SDA), 2021 WL 3862057, at *3 (S.D.N.Y. Aug. 30, 2021).

On September 13, 2021, PPS filed a motion to dismiss the Amended Complaint and for attorneys' fees because Plaintiff refused to withdraw his frivolous claim for damages under Title II. (*See* Def.'s 9/13/21 Mot., ECF No. 55; Def.'s 9/13/21 Mem., ECF No. 56.)[2] On October 13, 2021, Plaintiff filed a motion to amend. (*See* Pl.'s 10/13/21 Mot., ECF No. 61.) In his proposed Second Amended Complaint, Plaintiff alleged that he was excluded from the Pier 132 event based on his race in violation of 42 U.S.C. § 1981, the New York State Human Rights Law, the New York City Human Rights Laws ("NYCHRL") and the New York Civil Rights Law. (*See* Proposed SAC, ECF No. 61-1.)

On November 24, 2021, the undersigned issued a Report and Recommendation recommending that Defendant's motion to dismiss the Amended Complaint and for attorneys' fees be granted and that Plaintiff's motion to amend be granted in part and denied in part, so as

---

[2] In its memorandum of law, Defendant cited numerous cases, including one that had been filed by Plaintiff himself, *i.e.*, *Alexander v. JP Morgan Chase Bank, N.A.*, No. 19-CV-10811 (OTW), 2021 WL 1061833, at *3 (S.D.N.Y. Mar. 18, 2021), holding that monetary damages are not available under Title II. (*See* Def.'s 9/13/21 Mem. at 3.)

to permit amendment only to assert a NYCHRL claim. *See Alexander v. Priv. Protective Servs., Inc.*, No. 19-CV-10004 (JPO) (SDA), 2021 WL 8445829, at *6 (S.D.N.Y. Nov. 24, 2021). On May 18, 2022, the report and recommendation was adopted by Judge Oetken. *See Alexander*, 2022 WL 1567447 (S.D.N.Y. May 18, 2022). On June 3, 2022, a scheduling order was entered by the Court (*see* 6/3/22 Order, ECF No. 75), and discovery proceeded.

Following Plaintiff's failure to comply with certain discovery obligations, the undersigned issued an Order, dated August 31, 2022, requiring, among other things, that Plaintiff produce all documents responsive to Defendant's Requests for Production of Documents. (*See* 8/31/22 Order, ECF No. 93, ¶ 1(e).) The Order provided that Plaintiff's failure to comply with the Order "may result in the imposition of sanctions against him, up to and including a recommendation to Judge Oetken that his case be dismissed." (*See id*. ¶ 4.)

In an Order dated October 31, 2022, Judge Oetken set the amount of attorneys' fees awarded at $16,760.00, adopting the undersigned's recommendation of the amount. (*See* 10/31/2022 Order, ECF No. 103.) In an Order dated November 10, 2022, Judge Oetken entered an Order requiring Plaintiff to make full payment of the attorneys' fees by December 31, 2022, and stating that, if Plaintiff fails to pay, he may be subject to further sanctions. (*See* 11/10/22 Order, ECF No. 107.)

On November 21, 2022, when Plaintiff finally appeared for his deposition,[3] he testified that he had text messages with "Mr. John" from PPS that he had not produced to Defendant and

---

[3] Plaintiff had filed a motion to "terminate" his deposition before it started, which was denied, and later appeared after the Court warned that if he failed to appear, the undersigned would recommend that his case be dismissed. (*See* 10/18/22 Mem. End., ECF No. 99; 10/28/22 Order, ECF No. 102.)

that these text messages were "an ambush for trial." (*See* Alexander Dep., ECF No. 114-4, at 286-87.)

On January 10, 2023, Defendant filed the motion for dismissal that is now before the Court based upon, among other things, Plaintiff's failure to produce text messages and failure to pay the monetary sanctions. (*See* Def.'s 1/10/23 Ltr. Mot.) On January 25, 2023, Plaintiff responded to Defendant's Letter Motion. (*See* Pl.'s 1/24/22 Resp., ECF No. 116.) In his response, Plaintiff does not address his failure to produce text messages with "Mr. John" and also does not indicate his intention to pay any of the attorneys' fees awarded against him. (*See id*.) On February 1, 2023, Defendant filed its reply. (Def.'s 2/1/23 Reply, ECF No. 117.)

## LEGAL STANDARDS

Defendant's motion is made pursuant to Rules 37 and/or 41 of the Federal Rules of Civil Procedure.[4] (*See* Def.'s 1/10/23 Ltr. Mot. at 2.) Rule 37 of the Federal Rules of Civil Procedure "governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158 (2d Cir. 2012). Rule 37(b)(2) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery," a court may impose sanctions up to and including "dismissing the action or

---

[4] Motions seeking Rule 37(b) sanctions for noncompliance with a court's discovery orders "are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction employed disposes of a claim." *Seena Int'l Inc. v. One Step Up, Ltd.*, No. 15-CV-01095 (PKC)(BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016) (internal quotation and citation omitted). "The critical issue . . . is what sanction the magistrate judge actually imposes," not what sanction the moving party seeks. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2, at 383 (Thomson Reuters 2014). Thus, "If a moving party requests a dispositive sanction, but the magistrate judge declines to impose it, the judge's decision is governed by Rule 72(a)," and may be modified or set aside only if "clearly erroneous or contrary to law." *Steele v. Costco Wholesale Corp.*, No. 03-CV-00713 (NG) (MDG), 2005 WL 1068137, at *2 (E.D.N.Y. May 6, 2005). Because this Order does not dispose of Plaintiff's claims, I have the authority to issue the Order pursuant to Rule 72(a) and 28 U.S.C. § 636(b)(1)(A).

proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). Although a harsh penalty, dismissal under Rule 37 is an appropriate sanction "where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (citations omitted); *see also Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (observing that although dismissal "should be imposed only in rare situations," it is "necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger" (internal quotation marks and citation omitted)); *Lewis v. Marlow*, No. 17-CV-08101 (KMK), 2021 WL 2269553, at *4 (S.D.N.Y. June 3, 2021) ("Where, as here, a party 'prevent[s] disclosure of facts essential to an adjudication on the merits' by disobeying a court's discovery orders, 'severe sanctions are appropriate.'" (citing *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991))).

Courts often consider four factors in determining whether to dismiss an action under Rule 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks, alteration and citation omitted). "[T]hese factors are not exclusive," and no one factor is dispositive. *S. New Eng. Tel. Co. v. Glob. NAPS Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

Rule 41(b) grants the court discretion to dismiss a case if a plaintiff fails to prosecute or fails to comply with a court order. Fed. R. Civ. P. 41(b). A court considering a Rule 41(b) dismissal must weigh five factors, none of which is dispositive:

1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether

> the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted). The central purpose of Rule 41(b) is to impose a duty of due diligence on plaintiffs and to allow Courts to adjudicate cases in a prompt and orderly manner. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). However, dismissal under Rule 41(b) is "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Rsrv. Bank of N.Y.*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).

Prior to dismissing a case for failure to pay a monetary sanction, a court should consider a party's ability to pay such a sanction. *See Selletti v. Carey*, 173 F.3d 104, 111 (2d Cir. 1999); *accord Jefferson v. Webber*, 777 F. App'x 11, 15 (2d Cir. 2019) (citing *Selletti*).

## ANALYSIS

Applying the relevant factors under Rule 37 and Rule 41, the Court finds that on the present record dismissal is not appropriate. By Order dated August 31, 2022, Plaintiff was required to respond to Defendant's requests for production of documents no later than September 16, 2022. (*See* 8/31/22 Order ¶ 1(e).) Plaintiff's refusal to produce relevant text messages certainly is willful since he stated under oath at his November 21, 2022 deposition his intention to "ambush" the Defendant at trial. (*See* Alexander Dep. at 286-87.) In addition, Plaintiff expressed at his deposition an apparent intention not to comply with Orders of the Court. (*See id.* at 236.)

The duration of Plaintiff's noncompliance, however, is open to debate.[5] Just over two months had elapsed between Plaintiff's deadline to produce documents, *i.e.*, September 16, 2022, and November 21, 2022, when Plaintiff announced his intention not to produce the subject text messages. However, Defendant did not move to compel and did not call Plaintiff's noncompliance to the attention of the Court until Defendant filed the instant motion on January 10, 2023. In addition, although Plaintiff was warned that his failure to comply with the August 31, 2022 Order "may" result in a recommendation to Judge Oetken that his case be dismissed (*see* 8/31/22 Order ¶ 4), Plaintiff was not put on notice that his failure to produce the subject text messages *shall* result in the dismissal of his case with prejudice. With respect to Plaintiff's nonpayment of the attorneys' fee award, Plaintiff has not been provided an opportunity to submit evidence regarding his ability to pay. *See Selletti*, 173 F.3d at 111. In these circumstances, the Court finds that dismissal is not appropriate, and thus denies Defendant's motion without prejudice.

Nevertheless, in view of Plaintiff's conduct, the Court hereby ORDERS that Plaintiff shall produce to Defendant the subject text messages no later than February 13, 2023 and shall make himself available for a 30-minute remote deposition no later than February 21, 2023 limited to the Defendant asking Plaintiff questions about the text messages. In addition, no later than February 13, 2023, Plaintiff shall either (a) pay to Defendant the $16,760.00 in attorneys' fees previously awarded, or (b) file a sworn declaration establishing his inability to pay any or all of the amount awarded.

---

[5] "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citation omitted), but "[d]elays of several months" have been found sufficient. *Id*. (collecting cases).

If Plaintiff fails to produce the text messages, fails to sit for his continued deposition and/or fails to pay the required amount or file the required declaration, Defendant shall no later than February 24, 2023 file a declaration setting forth Plaintiff's noncompliance with no further briefing.

If Plaintiff fails to timely comply with all aspects of this Order, the undersigned **shall** *sua sponte* recommend to Judge Oetken that this case be dismissed with prejudice, pursuant to Rule 41(b) (failure to prosecute) and Rule 16(f)(1)(C) (failure to obey pretrial order). *See LeSane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."); *Marquez v. Hoffman*, 18-CV-07315 (ALC) (GWG), 2022 WL 4076016, at *14 (S.D.N.Y. Sept. 6, 2022) (Rule 16 standards for imposing sanctions identical to standards contained in Rule 37 and may be imposed *sua sponte*).

## CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED WITHOUT PREJUDICE. In addition, it is hereby ORDERED that:

1) No later than February 13, 2023, Plaintiff shall produce to Defendant the subject text messages with Mr. John;

2) No later than February 13, 2023, Plaintiff shall either (a) pay to Defendant the $16,760.00 in attorneys' fees previously awarded, or (b) file a sworn declaration establishing his inability to pay any or all of the amount awarded;

3) No later than February 21, 2013, Plaintiff shall make himself available for a remote 30-minute deposition; and

4) If Plaintiff fails to produce the text messages, fails to sit for his continued deposition and/or fails to pay the required amount or file the required declaration, Defendant shall no later than February 24, 2023 file a declaration setting forth Plaintiff's noncompliance.

**If Plaintiff fails to timely comply with all aspects of this Order, the undersigned shall *sua sponte* recommend to Judge Oetken that this case be dismissed with prejudice.**

**SO ORDERED.**

Dated:  February 6, 2013
New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**