USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/06/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jeriel Alexander,

                        Plaintiff,

-against-

Private Protective Services, Inc.,

                        Defendant.

1:19-cv-10004 (JPO) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

    WHEREAS, by Order, dated February 6, 2023, *pro se* Plaintiff Jeriel Alexander ("Plaintiff" or "Alexander"), was directed, *inter alia*, no later than February 13, 2023 to (1) produce to Defendant certain text messages with "Mr. John" of Defendant Private Protective Services, Inc. ("Defendant" or "PPS");[1] and (2) either (a) pay to Defendant the $16,760.00 in attorneys' fees previously awarded, or (b) file a sworn declaration establishing his inability to pay any or all of the amount awarded (*see* 2/6/23 Order, ECF No. 118, at 8); and

    WHEREAS, Alexander filed a Declaration, dated February 13, 2023, stating—without any factual support and without any supporting documentation establishing his inability to pay any or all of the amount awarded—that he is "a full-time college student," that "he cannot pay attorney's fees" and that "it's an undue burden" (*see* Alexander Decl., ECF No. 119, ¶¶ 6-7); and

    WHEREAS, Alexander failed by February 13, 2023, to produce the subject text messages (*see* Madden Decl., ECF No. 122, ¶ 7); and

---

[1] The "Mr. John" to which Plaintiff had referred was John Tejeda of PPS. (*See* PPS Dep. Ex. 8, ECF No. 125-2.)

WHEREAS, Alexander testified under oath at a deposition held on February 17, 2023 that his text messages are saved on his iCloud account, but he cannot access the account because his aunt has the password and he does not (*see* Alexander 2/17/23 Dep., ECF No. 125, at 14-16, 20-21, 23).

NOW, THEREFORE, it is hereby ORDERED, as follows:

1. No later than March 13, 2023, Plaintiff shall send to the undersigned (500 Pearl Street, New York, New York 10007) for *in camera* review (a) copies of his federal and New York State tax returns for the past three years, and (b) copies of monthly statements for the for the period January 1, 2022 to the present for Plaintiff's principal checking and/or savings accounts, so that the Court can determine Plaintiff's ability to pay part or all of the attorneys' fees previously awarded in a lump sum or over a prescribed time period.

2. No later than March 13, 2023, Plaintiff shall file a letter to the ECF docket setting forth the name, address, telephone number and email address for his aunt so that she can be compelled to testify regarding (a) the password for Plaintiff's iCloud account, and (b) access to Plaintiff's iCloud account.

**For the reasons set forth in the Court's February 6, 2023 Order, if Plaintiff fails to timely comply with all aspects of this Order, the undersigned shall *sua sponte* recommend to Judge Oetken that this case be dismissed with prejudice pursuant to Rule 41(b) (failure to prosecute) and Rule 16(f)(1)(C) (failure to obey pretrial order).** *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b). . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."); *Marquez v. Hoffman*,

18-CV-07315 (ALC) (GWG), 2022 WL 4076016, at *14 (S.D.N.Y. Sept. 6, 2022) (Rule 16 standards for imposing sanctions identical to standards contained in Rule 37 and may be imposed *sua sponte*).

**SO ORDERED.**

Dated:  March 6, 2023
         New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**