USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/22/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jeriel Alexander,<br><br>                                Plaintiff,<br><br>-against-<br><br>Private Protective Services, Inc.,<br><br>                                Defendant. | 1:19-cv-10004 (JPO) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

This Order addresses (I) a pending motion made by *pro se* Plaintiff Jeriel Alexander ("Plaintiff"), and (II) sanctions for Plaintiff's noncompliance with Court Orders.

**I.      Pending Motion**

Pending before the Court is Plaintiff's "Motion For Declination To Magistrate Judge Jurisdiction." (*See* Pl.'s 2/27/23 Mot., ECF No. 124.) This motion is DENIED.

Plaintiff contends that, since Plaintiff never consented to a Magistrate Judge, the undersigned lacks jurisdiction over this action. Plaintiff misapprehends the jurisdiction of a Magistrate Judge.

Section 636(b)(1)(A) provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). In addition, a judge may designate a Magistrate Judge to submit "proposed findings of fact and recommendations" regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B). "[C]onsent [of the parties] is not required for referrals pursuant to 28 U.S.C. § 636(b)(1)(A), []or § 636(b)(1)(B)." *Agosto v. Bonaparte*, No. 16-CV-00824 (LGF), 2018 WL 11475152, at *1 (W.D.N.Y. Apr. 26, 2018).

In the present case, on February 19, 2020, Judge Oetken entered an Order of Reference referring this case to the undersigned for general pretrial purposes. (*See* 2/19/20 Order, ECF No. 12.) On May 12, 2021, Judge Oetken entered an Amended Order of Reference expanding the scope of the referral to include making reports and recommendations on dispositive motions. (*See* 5/12/21 Am. Order, ECF No. 34.) Pursuant to the foregoing Orders of Reference, the undersigned has issued numerous Orders regarding non-dispositive pretrial matters (*see*, *e.g.*, 4/14/21 Order, ECF No. 29; 7/30/21 Order, ECF No. 48; 8/30/21 Order, ECF No. 54), as well as reports and recommendations ("R&Rs") regarding dispositive matters (*see* 11/24/21 R&R, ECF No. 64; 6/24/22 R&R, ECF No. 79), which R&Rs have been adopted by Judge Oetken. (*See* 5/18/22 Order, ECF No. 70; 10/31/22 Order, ECF No. 103.) The undersigned has acted pursuant to statutory authority, and there is no basis for Plaintiff to contest the undersigned's jurisdiction.

II.     **Sanctions For Plaintiff's Noncompliance With Court Orders**

On January 10, 2023, Defendant Private Protective Services, Inc. ("Defendant" or "PPS") filed a motion seeking dismissal of Plaintiff's remaining claims in this action, pursuant to Rules 37 and/or 41 of the Federal Rules of Civil Procedure, based upon Plaintiff's prior noncompliance with

Court Orders.[1] (*See* Def.'s 1/10/23 Ltr. Mot., ECF No. 114.) The Court denied Defendant's motion without prejudice and directed Plaintiff, *inter alia*, no later than February 13, 2023, to (1) produce to Defendant certain text messages with "Mr. John" of PPS;[2] and (2) either (a) pay to Defendant the $16,760.00 in attorneys' fees previously awarded, or (b) file a sworn declaration establishing his inability to pay any or all of the amount awarded. *See Alexander*, 2023 WL 1779544, at *4.

Plaintiff failed to produce the subject text messages by February 13, 2023. (*See* Madden Decl., ECF No. 122, ¶ 7.) At a deposition held on February 17, 2023, Alexander testified under oath that his text messages were saved on his iCloud account but that he could not access the account because his aunt had the password and he did not. (*See* Alexander 2/17/23 Dep., ECF No. 125, at 14-16, 20-21, 23).

With respect to the attorneys' fees, Plaintiff filed a Declaration, dated February 13, 2023, stating—without any factual support and without any supporting documentation establishing his inability to pay any or all of the amount awarded—that he is "a full-time college student," that "he cannot pay attorney's fees" and that "it's an undue burden." (*See* Alexander Decl., ECF No. 119, ¶¶ 6-7.)

By Order dated March 6, 2023, Plaintiff was directed, no later than March 13, 2023, to send to the undersigned for *in camera* review (a) copies of his federal and New York State tax returns for the past three years and (b) copies of monthly statements for the period January 1,

---

[1] The background regarding Plaintiff's noncompliance is set forth in this Court's February 26, 2023 Opinion and Order. *See Alexander v. Priv. Protective Servs., Inc.*, No. 19-CV-10004 (JPO) (SDA), 2023 WL 1779544, at *2 (S.D.N.Y. Feb. 6, 2023).

[2] The "Mr. John" to which Plaintiff had referred was John Tejeda of PPS. (*See* PPS Dep. Ex. 8, ECF No. 125-2.)

2022 to the present for Plaintiff's principal checking and/or savings accounts so that the Court could determine Plaintiff's ability to pay part or all of the attorneys' fees previously awarded in a lump sum or over a prescribed time period. (*See* 3/6/23 Order, ECF No. 126.) In addition, Plaintiff was directed, no later than March 13, 2023, to file a letter to the ECF docket setting forth the name, address, telephone number and email address for his aunt so that she can be compelled to testify regarding (a) the password for Plaintiff's iCloud account, and (b) access to Plaintiff's iCloud account. (*See id*.)

In a letter dated March 8, 2023, that was received by the Court and docketed on March 14, 2023, Plaintiff asserted that he did not have and had not filed tax returns. (*See* Pl.'s 3/14/23 Ltr., ECF No. 128, at 2.) In addition, Plaintiff referred to Exhibit A as containing his bank statements from January 2022.[3] (*See id*.) Although Plaintiff did provide the required information regarding his aunt, he also stated that "[n]o where on the record . . . reveals the plaintiff stating his aunt[ ] has relevant information on the case nor did plaintiff claim his aunt has information about this case as a Non-Party to this case." (*See* Pl.'s 3/14/23 Ltr. at 2.)

Because Plaintiff arguably has complied with the Court's March 6 Order, the Court will not recommend to Judge Oetken dismissal of this case at this time. However, due to Plaintiff's continued failure to produce his text messages with John Tejada of PPS, the Court finds that a preclusion order is necessary and appropriate.

---

[3] The Exhibit A referred to in Plaintiff's letter does not contain any documents. However, the bank statements to which Plaintiff refers are filed as part of ECF No. 129 at PDF pp. 4 to 92. As set forth in the last paragraph of this Order, the Court shall direct the Clerk of Court to file these pages under seal, since they contain Plaintiff's personal banking information.

Plaintiff's obfuscation regarding the subject text messages has gone on far too long. In August 2022, Plaintiff was directed to produce all documents responsive to Defendant's Requests for Production of Documents, which would have included the subject text messages. (*See* 8/31/22 Order, ECF No. 93, ¶ 1(e).) However, Plaintiff testified at his deposition in November 2022 that he had text messages with Mr. Tejada that he had not produced to Defendant and that these text messages were "an ambush for trial." (*See* Alexander Dep., ECF No. 114-4, at 286-87.) Later, after he had been expressly directed by the Court to produce the subject text messages, Plaintiff testified at his deposition in February 2023 that his text messages were saved on his iCloud account, but he could not access the account because his aunt had the password and he did not. (*See* Alexander 2/17/23 Dep., ECF No. 125, at 14-16, 20-21, 23). Now, Plaintiff states that his aunt has no information relevant to this case. (*See* Pl.'s 3/14/23 Ltr. at 2.)

In the circumstances presented, a preclusion order is an appropriate sanction to impose. *See Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 68-69 (S.D.N.Y. 2020) (citing *Shanghai Weiyi Int'l Trade Co., Ltd. v. Focus 2000 Corp.*, 15-CV-03533 (CM) (BCM), 2017 WL 2840279, at *10 (S.D.N.Y. June 27, 2017) (preclusion orders are "entirely appropriate" where the sanctioned party has failed "to produce the evidence necessary to resolve the issue as to which preclusion is sought")); *Roadway Exp. Inc. v. Piper*, 447 U.S. 752, 763 (1980) (district court "may bar the disobedient party from introducing certain evidence" for failure to comply with discovery orders). The Court hereby precludes Plaintiff from using any text messages with Mr.

Tejada in the prosecution of this case or in opposition to any dispositive motion filed by Defendant.[4]

Since discovery has concluded, this case is now ripe for determination either by dispositive motion or trial. No later than April 7, 2023, Defendant shall file either a motion for summary judgment or a letter stating its intention not to file such motion.

The Court defers making any recommendation regarding payment of the fee award at this time, since such fee award may more appropriately be included as part of the final judgment in this case. The Clerk of Court is respectfully directed to place Plaintiff's bank records (filed at PDF pages 4 to 92 of ECF No. 129) under seal.

**SO ORDERED.**

Dated:  March 22, 2023
        New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

---

[4] Nothing, however, precludes Defendant from using any such text messages in its defense of this case.